UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALLY JOHNSTON,

    Plaintiff,                       Case No. 2:17-cv-10482

v.                                HONORABLE STEPHEN J. MURPHY, III

GILSTER-MARY LEE
CORPORATION,

    Defendant.

_____/

# OPINION AND ORDER GRANTING
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]

Plaintiff Sally Johnston claims a stepstool collapsed beneath her, resulting in injury. The stool was manufactured by B & R Plastics, a subsidiary of Defendant Gilster-Mary Lee Corporation, so Johnston filed the instant suit. The Complaint alleges four counts under Michigan law: breach of implied warranty of merchantability (Count I), negligence in design and manufacture (Count II), negligence generally (Count III), and gross negligence (Count IV). Now before the Court is Defendant's motion for summary judgment. The Court held a hearing and, for the reasons below, will grant the motion.

## STANDARD OF REVIEW

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

In Michigan, there are two theories of recovery in product-liability claims: negligence and implied warranty. *Michels v. Monaco Coach Corp.*, 298 F. Supp. 2d 642, 647 (E.D. Mich. 2003) (citing *Manzoni v. Detroit Coca–Cola Bottling Co.*, 363 Mich. 235, 241 (1961) and *Spence v. Three Rivers Builders & Masonry Supply, Inc.*, 353 Mich. 120, 135 (1958)). Plaintiff alleges both theories in her complaint.. Although the elements of Plaintiff's causes of action differ, *see Lagalo v. Allied Corp.*, 457 Mich. 278, 287, n.11 (1998), there is a common and necessary thread to both theories: the product must have actually had a defect, *Smith v. E. R. Squibb & Sons, Inc.*, 405 Mich. 79, 89 (1979) (explaining that negligence requires proof "that *the defect* was caused by the manufacturer's negligence, whereas under the warranty theory, plaintiff need only establish that *the defect* was attributable to the manufacturer[.]") (emphasis added); *see also Gregory v. Cincinnati Inc.*, 450 Mich. 1, 9 (1995) ("Generally, before there can

be any continuing duty—whether it be to warn, repair, or recall—there must be a defect or an actionable problem at the point of manufacture. If there is no defect or actionable problem at this point, then there can be no continuing duty to warn, repair, or recall.").

Defendant moved for summary judgment on the grounds that Plaintiff has provided no evidence of a defect—and with good reason. Defendant sent Plaintiff interrogatories asking her, pointedly, "[w]hat do you claim to be the defect(s) with the stool?" ECF 11-5, PgID 119, ¶ 26. She simply answered, "[a]ll defects to the stool have not yet been completely determined as discovery is still ongoing." *Id.* The next question—which presumed an answer to the first—asked, "[a]s to each defect identified above . . . [w]hat evidence do you have that such a defect exists?" *Id.*, ¶ 27. Plaintiff answered simply, "Discovery is ongoing. Also, Plaintiff objects under various discovery rules." *Id.* at 120. Plaintiff repeated this answer many more times, to many more straightforward questions. It bears noting that discovery had been open for several months by then, and was set to close the following month. Depositions likewise failed to reveal to Defendant any proof in support of Plaintiff's claims. *See* ECF 11 at 48–52.

Plaintiff's response brief devotes only a single paragraph to rebutting Defendant's claims; the rest is spent arguing that the Court should permit her more time for discovery under Federal Rule of Civil Procedure 56(d). Neither argument is persuasive. The hypothetical terms of Plaintiff's response ("Defendant *may* have sold a stool to Plaintiff that did not have thick enough tabs . . . [and] [i]t is likely that the design change is the reason that the Plaintiff's stool collapsed") reveal that Plaintiff does not have evidence upon which a reasonable jury could find in her favor. ECF 13, PgID 218. And she has not shown the necessary "specified reasons" to defer consideration of the

motion or permit her additional discovery time under Rule 56(d). After a lengthy discovery period, Plaintiff has no evidence to support her claim—and evidently never did.

Notwithstanding all of this, the Court held a hearing on the motion. There, counsel for Defendant argued the merits of its brief, laid out its argument, and again explained that Plaintiff had still not identified how the stool was defective. Plaintiff's rejoined only that (1) the stool collapsed, (2) the stool's design was changed at a later date, and (3) Plaintiff rested on its brief.

The Court will grant Defendant's motion to the extent it seeks summary judgment but will not impose sanctions at this time. Federal Rule of Civil Procedure 11(c)(2) requires a motion for sanctions to be made separately from any other motion. Defendant asked the Court to impose sanctions within its motion for summary judgment, so it fails to satisfy Rule 11's requirement. Subsection (3) permits the Court to act on its own initiative, but empowers the Court only to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Plaintiff's counsel may very well have filed the lawsuit and subsequent response brief without believing that its "factual contentions ha[d] evidentiary support or, if specifically so identified, [would] likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3). But the matter is not so clear that the Court will demand Plaintiff to show cause on the matter.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [11] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager